UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIT MOHIT (A-245-366-242), | Case No.  1:26-cv-00382 DC CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TONYA ANDREWS, et al., | |
| Respondents. | |

Petitioner Mohit Mohit (A-245-366-242), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority.  (Id. at 10-12 (claims one through three).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.    DISCUSSION**

On January 19, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 20, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases.  (ECF No. 4 (citing Labrador-Prato v. Noem, et al., No. 1:25-cv-01598 DC SCR, 815 F. Supp. 3d 1113 (E.D. Cal. 2025); Selis Tinoco v. Noem, et al., No. 1:25-cv-01762 DC JDP, 818 F. Supp. 3d 1141 (E.D. Cal. 2025).)  The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction.  (Id.)  On January 21, 2026, respondents filed an opposition to the motion for a temporary restraining order.  (ECF No. 7.)  In the opposition, respondents argued that petitioner's detention was lawful under the Constitution and statutory authority, but also acknowledged that this case does not appear to present any facts distinguishing it substantively from the cases cited by the district court in the order filed January 20, 2026.  (ECF No. 7 at 1.)  On January 21, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the two cases cited in the January 20, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF No. 8.)  In addition to granting petitioner's immediate release, the district court ordered that respondents shall not impose any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation custody hearing.  (Id.)  The district court further ordered that if the government seeks to re-detain petitioner, it must provide no less than

2

seven days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered. (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.)

The Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (ECF No. 9.) The parties did not submit any additional briefing, and briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights and statutory rights under the Immigration and Nationality Act, 8 U.S.C. § 1226(a), by re-detaining him and continuing to detain him without a hearing (claims one through three). As the district explained in Labrador-Prato and Selis Tinoco, respondents' contention that 8 U.S.C. § 1225 applies to noncitizens who have been present within the United States is unavailing because of the weight of authority rejecting such a broad reading of § 1225. See Labrador-Prato, 815 F. Supp. 3d at 1118-20; Selis Tinoco, 818 F. Supp. 3d at 1149-51. As the district court also explained in Labrador-Prato and Selis Tinoco, the re-detention of a noncitizen without a bond hearing violates the Fifth Amendment due process clause. See Labrador-Prato, 815 F. Supp. 3d at 1121-22; Selis Tinoco, 818 F. Supp. 3d at 1151-53.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.

3

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Mohit Mohit (A-245-366-242) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 4, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mohi382.157.imm/2

4